**Electronically Filed
Intermediate Court of Appeals
30186
24-APR-2013
08:23 AM**

NO. 30186

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


STATE OF HAWAI'I, Plaintiff-Appellant,
v.
HERMAN DECOITE, Defendant-Appellee.


APPEAL FROM THE FAMILY COURT OF THE SECOND CIRCUIT
(FC-CR NO. 09-1-0127(4))


MEMORANDUM OPINION
(By: Nakamura, C.J., and Foley and Ginoza, JJ.)


Plaintiff-Appellant State of Hawai'i (State) appeals from the "Conclusions of Law and Order Granting Defendant's Motion to Dismiss Complaint" (Order Dismissing Complaint) filed in the Family Court of the Second Circuit (Family Court).[1] The State charged Herman Decoite (Decoite) by complaint with abuse of a family or household member, in violation of Hawaii Revised Statutes (HRS) § 709-906.[2] The complaint alleged that Decoite committed the offense "as a continuing course of conduct" during a period of time spanning twenty-eight months.

Decoite moved to dismiss the complaint arguing that "the law does not permit prosecution of a continuing course of conduct *actus reus* for abuse of a household or family member."

---

[1] The Honorable Richard T. Bissen, Jr., presided.

[2] HRS § 709-906(1) (Supp. 2012) provides in relevant part that "[i]t shall be unlawful for any person, singly or in concert, to physically abuse a family or household member . . . ."

The Family Court granted Decoite's motion to dismiss, concluding that "[t]he Hawaii State Legislature did not intend for Abuse of a Family Member, HRS § 709-906, to be charged on a continuous conduct theory."

We conclude that the Family Court erred in ruling that the State was categorically precluded from charging the offense of abuse of a family or household member as a continuing course of conduct. We conclude that depending on the particular facts of the case, the State may charge and prove the offense as committed through a continuing course of conduct. In this case, based on the State's proffers regarding the nature of its anticipated evidence, we cannot say that the State's decision to charge the offense as a continuing course of conduct was impermissible. Accordingly, we vacate the Order Dismissing Complaint and remand the case for further proceedings.

BACKGROUND

I.

On April 3, 2009, the State filed a complaint against Decoite charging him with abuse of a family or household member. The alleged victim and complaining witness (CW) was Decoite's girlfriend, with whom he had been in a relationship for five years. The complaint alleged:

> That during or about the period between February 1, 2005, through June 1, 2007, inclusive, as a continuing course of conduct, in the County of Maui, State of Hawaii, HERMAN DECOITE did intentionally, knowingly or recklessly engage in and cause physical abuse of a family or household member, to wit, [the CW], thereby committing the offense of Abuse of Family or Household Member in violation of Section 709-906 of the Hawaii Revised Statutes.

II.

Decoite filed a motion to dismiss the complaint. In his motion, Decoite argued that "the law does not permit prosecution of a continuing course of conduct actus reus for abuse of a household or family member." He further argued that "HRS 709-906 does not contain any 'continuing course of conduct' language. Rather, the conduct proscribed involves discrete

2

incidents only." Decoite also asserted that allowing the State to prosecute the case on a theory of a continuing course of conduct over a two-year period would violate his due process rights. Decoite stated that the discovery provided by the State consisted of police reports regarding two incidents that occurred on November 29, 2006, and March 13, 2007, and that "[i]t would be a stretch for the State to assert that two incidents that occurred over *two years apart* demonstrate a course of conduct."

The State filed a memorandum in opposition to Decoite's motion to dismiss. The State stated that during the period of time charged in the complaint:

> [Decoite] is alleged to have strangled [the CW] on numerous occasions to the point that she would pass out, beating her on numerous occasions to the point of unconsciousness, beating her on numerous occasions to the point that visible bruising would appear on her body and face, beating her with a polo mallet, and, on one occasion witnessed by her children, throwing a rope around her and dragging her behind her horse.

The State attached to its memorandum a petition for temporary restraining order filed on July 9, 2009, by the CW against Decoite. In the petition, the CW stated:

> Over the last 5 years, [Decoite's] physical and mental abuse has escalated. In 2006, [Decoite] would beat me at least once a week with a Polo Mallet. He knocked me unconscious at least twice a month. There have been many times when we were being intimate; [Decoite] would strangle me during his climax, to the point where I'm about to pass out. I was extremely terrified and felt afraid to talk to [Decoite] about it.

The State argued that HRS § 709-906 can be charged as a continuing offense because the required element, "to physically abuse a family or household member," "can extend beyond isolated moments." It argued that similar to the crimes of theft, terroristic threatening, and torture, HRS § 709-906 can be charged as a continuing course of conduct. The State proffered the testimony of Stacy Moniz, a domestic violence expert, that abusive relationships involve a pattern and cycle of violence in which the batterer is attempting to exercise power and control over his or her partner.

3

III.

After holding a hearing on Decoite's motion to dismiss the complaint, the Family Court granted the motion. The Family Court issued its Order Dismissing Complaint, in which it made the following conclusions of law:

CONCLUSIONS OF LAW

1.    The Hawaii State Legislature did not intend for Abuse of a Family Member, HRS § 709-906, to be charged on a continuous conduct theory.

2.    The definition of "physical abuse," as it is used in HRS § 709-906, means to maltreat in such a manner as to cause injury, hurt or damage to the body.

3.    Such injury, hurt or damage may be caused by a single act or a succession of acts.

4.    The term "physical abuse" can be something that extends beyond isolated moments.

5.    The element of "physical abuse" must be proven for each charge under HRS § 709-906.

6.    The definition of "physical abuse" indicates that the Hawaii State Legislature did not intend for HRS § 709-906 to be charged on the basis of continuous conduct.

7.    The inclusion of enhanced penalties for multiple offenders in HRS § 709-906 indicates that the Hawaii State Legislature did not intend for HRS § 709-906 to be charged on the basis of continuous conduct.

The State timely appealed from the Order Dismissing Complaint.

DISCUSSION

I.

On appeal, the State argues that the Family Court erred in construing the legislative intent behind HRS § 709-906 and in concluding that the offense could not be charged as a continuing course of conduct. The State asserts that under Hawai'i precedents, HRS § 709-906 satisfies the test for a continuing offense and can be charged as a continuing course of conduct. As explained below, we conclude that HRS § 709-906 can be charged as a continuing course of conduct and that the Family Court erred in dismissing the complaint based on its interpretation of HRS § 709-906 as precluding a charge based on this theory. We

4

further conclude that based on the State's proffers regarding the nature of its anticipated evidence, we cannot say that the State's charging the offense as a continuing course of conduct was impermissible. Accordingly, we vacate the Order Dismissing Complaint and remand for further proceedings.

## II.

HRS § 709-906(1) states in pertinent part that "[i]t shall be unlawful for any person, singly or in concert, to physically abuse a family or household member[.]" The term "physical abuse" is not defined in the statute, but the Hawai'i Supreme Court has stated that "as ordinarily used[,] abuse means to maltreat and connotes such treatment as will injure, hurt or damage a person." State v. Kameenui, 69 Haw. 620, 623, 753 P.2d 1250, 1252 (1988) (citing City of Cincinnati v. McIntosh, 251 N.E.2d 624 (Ohio Ct. App. 1969)). This court has similarly held that "to 'physically abuse' someone means to maltreat in such a manner as to cause injury, hurt, or damage to that person's body." State v. Nomura, 79 Hawai'i 413, 415-16, 903 P.2d 718, 720-21 (App. 1995) (upholding jury instructions which stated that: "'Physical abuse' means causing bodily injury to another person[,]" and "'[b]odily injury' means physical pain, illness or any impairment of physical conditions").

A first violation of HRS § 709-906 is a misdemeanor, with increased sentences for repeat offenders.[3] Decoite was

---

[3] HRS § 709-906 (Supp. 2012) provides in relevant part:

(5) Abuse of a family or household member and refusal to comply with the lawful order of a police officer under subsection (4) are misdemeanors and the person shall be sentenced as follows:

(a) For the first offense the person shall serve a minimum jail sentence of forty-eight hours; and

(b) For a second offense that occurs within one year of the first conviction, the person shall be termed a "repeat offender" and serve a minimum jail sentence of thirty days.

. . . .

(7) For a third or any subsequent offense that occurs

(continued...)

5

charged in this case as a first-time violator of HRS § 709-906, and therefore his offense was a misdemeanor that was subject to a two-year statute of limitations.  HRS § 701-108(2)(e) (Supp. 2012) ("A prosecution for a misdemeanor . . . must be commenced within two years after it is committed[.]").  Under HRS § 701-108(4) (Supp. 2012):

> An offense is committed either when every element occurs, or, if a legislative purpose to prohibit a continuing course of conduct plainly appears, at the time when the course of conduct or the defendant's complicity therein is terminated.  Time starts to run on the day after the offense is committed.

The complaint against Decoite was filed on April 3, 2009.  Therefore if Decoite's alleged offense was not a continuing offense and could not be charged as a continuing course of conduct under HRS § 701-108(4), acts committed prior to April 3, 2007, would be outside the statute of limitations.  On the other hand, if Decoite's alleged offense was a continuing offense and was committed as a continuing course of conduct, then acts committed prior to April 3, 2007, would not be barred by the statute of limitations as long as they were part of a criminal course of conduct that terminated after April 3, 2007.

### III.

In <u>State v. Martin</u>, 62 Haw. 364, 616 P.2d 193 (1980), the Hawai'i Supreme Court addressed the questions of whether the offense of theft by deception was a continuing offense and whether it qualified under HRS § 701-108(4) as a "continuing course of conduct" offense for purposes of applying the statute of limitations.  Martin's charge was based on her receipt of public assistance benefits through the filing of semi-annual statements which misrepresented facts relevant to her continued eligibility for the benefits.  <u>Id.</u> at 365-67, 616 P.2d at 195-96.  Martin was indicted on August 17, 1977, and charged with wrongfully obtaining public assistance benefits by deception

---

[3/] (...continued)
within two years of a second or subsequent conviction, the offense shall be a class C felony.

during the period of January 1, 1973, through January 30, 1976.
Id. at 366 n.1, 372, 616 P.2d at 195 n.1, 198. The statute of
limitations for the charged offense was three years, id. at 371,
616 P.2d at 198, and therefore a portion of the period of the
alleged offense ostensibly fell outside the statute of
limitations.

The Hawai'i Supreme Court adopted the following rule
applied by California courts to determine whether an offense
constitutes a continuing offense:

> [T]he applicable test in determining whether there is a
> continuing crime "is whether the evidence discloses one
> general intent or discloses separate and distinct intents."
> . . . [I]f "there is but one intention, one general impulse,
> and one plan, even though there is a series of transactions,
> there is but one offense."

Id. at 368, 616 P.2d at 196 (quoting People v. Howes, 222 P.2d
969, 976 (Cal. Dist. Ct. App. 1950). Applying this analysis, the
Hawai'i Supreme Court found that Martin had one intention and
plan and therefore concluded that there was one offense. Id. at
369, 616 P.2d at 197. In support of this conclusion the supreme
court stated:

> We do not view each filing by defendant of a statement of
> facts supporting continued eligibility as necessarily
> constituting a new offense, since all statements were
> identical, representing that defendant was unmarried,
> unemployed, and not receiving social security benefits.

Id.

The supreme court then considered Martin's argument
that the statute of limitations precluded prosecution. The court
concluded that Martin's theft offense qualified as a "continuing
course of conduct" offense under HRS § 701-108(4), stating:

> The language of the theft statute plainly manifests a
> legislative intent to prohibit continuing conduct since two
> elements of the pertinent crime, deception and the exercise
> of control over the property of another, involve conduct
> that can extend beyond isolated moments, particularly the
> former. Conduct deceptive enough to effect grand theft may
> often entail elaborate schemes of extended conduct.

Martin, 62 Haw. at 371-72, 616 P.2d at 198 (emphasis added). The
court held that the statute of limitations did not bar Martin's
prosecution because the last false statement she filed was in

7

September 1975 and the last public assistance benefit she wrongfully received was on January 2, 1976, and therefore her offense continued to a time within the three-year statute of limitations. Id. at 372, 616 P.2d at 198.

In cases after Martin, the Hawai'i Supreme Court has applied the same basic test for determining whether an offense is a continuing offense. In State v. Arceo, 84 Hawai'i 1, 928 P.2d 843 (1996), the court stated:

> This court has defined a "continuing offense" as
>
> a continuous, unlawful act or series of acts set on foot by a single impulse and operated by an unintermittent force, however long a time it may occupy[, or] an offense which continues day by day[, or] a breach of the criminal law, not terminated by a single act or fact, but subsisting for a definite period and intended to cover or apply to successive similar obligations or occurrences.
>
> State v. Temple, 65 Haw. 261, 267 n.6, 650 P.2d 1358, 1362 n.6 (1982) (citation omitted). Put differently,
>
> [t]he test to determine whether [a] defendant intended to commit more than one offense in the course of a criminal episode is whether the evidence discloses one general intent or discloses separate and distinct intents. If there is but one intention, one general impulse, and one plan, there is but one offense.
>
> Ganal, 81 Hawai'i at 379, 917 P.2d at 391 (quoting State v. Castro, 69 Haw. 633, 653, 756 P.2d 1033, 1047 (1988)) (quotation signals omitted).

Arceo, 84 Hawai'i at 18, 928 P.2d at 860 (brackets in original).

Applying the test for a continuing offense, the supreme court has found that the following offenses qualify as continuing offenses: (1) first-degree murder, in violation of HRS § 707-701(1)(a) (1993), for intentionally or knowingly causing the death of more than one person in the same or separate incident, State v. Ganal, 81 Hawai'i 358, 378-79 & n.25, 384, 917 P.2d 370, 390-91 & n.25, 396 (1996); (2) first-degree robbery, in violation of HRS § 708-840(1)(b) (1993), State v. Hoey, 77 Hawai'i 17, 38 & n.19, 881 P.2d 504, 525 & n.19 (1994); (3) kidnapping, under certain circumstances, in violation of HRS § 707-720(1)(c) (1993), id. at 38 & n.20, 881 P.2d at 525 & n.20;

8

(4) theft of a firearm, in violation of HRS §§ 708-830(7) and 708-830.5(1)(b) (1993), Temple, 65 Haw. at 266-68, 650 P.2d at 1361-62; (5) theft of property by deception, in violation of HRS § 708-830(2) (1993), Martin, 62 Haw. at 367-69, 616 P.2d at 196-97; (6) second-degree terroristic threatening, in violation of HRS § 707-717(1) (1993), State v. Apao, 95 Hawaiʻi 440, 445-48, 24 P.3d 32, 37-40 (2001); (7) attempted prohibited possession of a firearm, in violation of HRS §§ 134-7(b) (1993) and 705-500 (1993), State v. Valentine, 93 Hawaiʻi 199, 208-09, 998 P.2d 479, 488-89 (2000); (8) attempted second-degree murder, attempted first- or second-degree assault, and first-degree reckless endangering, in violation of HRS §§ 707-701.5, 707-710, 707-711, 705-500, and 707-713 (1993), State v. Rapoza, 95 Hawaiʻi 321, 330, 22 P.3d 968, 977 (2001); and (9) manufacturing a dangerous drug, in violation of HRS § 712-1241(1)(d) (Supp. 1999), State v. Kealoha, 95 Hawaiʻi 365, 376-78, 22 P.3d 1012, 1023-25 (App. 2000).

IV.

In light of these principles and precedents, we conclude, contrary to the Family Court, that abuse of a family or household member, in violation of HRS § 709-906(1), can be charged as a continuing course of conduct. Under Martin, the question of whether "a legislative purpose to prohibit a continuing course of conduct plainly appears," within the meaning of HRS § 701-108(4), turns on whether the language of the statutory offense "involve[s] conduct that can extend beyond isolated moments." Martin, 62 Haw. at 371, 616 P.2d at 198. In Martin, the Hawaiʻi Supreme Court concluded that theft by deception qualified as a "continuing course of conduct" offense under HRS § 701-108(4) because two elements of the offense, deception and the exercise of control over the property of another, "involve conduct that can extend beyond isolated moments[.]" Martin, 62 Haw. at 371-72, 616 P.2d at 198. Similarly, in this case, the "physical abuse" element of HRS

9

§ 709-906(1) involves conduct that can extend beyond isolated moments.

The Family Court cited two bases for its conclusion that the Legislature did not intend the offense of abuse of a family or household member to be charged on a continuous course of conduct theory: (1) the definition of physical abuse -- "to maltreat in such a manner as to cause injury, hurt or damage to the body"; and (2) the enhanced penalties for repeat offenders. However, the Family Court acknowledged that "[t]he term 'physical abuse' can be something that extends beyond isolated moments." Under Martin, an offense element that involves conduct that can extend beyond isolated moments supports the conclusion that the offense can be charged as a continuing course of conduct. We further conclude that the existence of enhanced penalties for repeat offenders does not show the Legislature's intent to preclude charging the offense as a continuing course of conduct. The enactment of enhanced penalties for repeat offenders reflects the Legislature's understanding that domestic violence often involves continuing and repeated acts of violence that pose particular danger for the past victim of the abuse. It reflects the Legislature's intent to provide increased punishment to deter those convicted of abuse of a family or household member from repeating their crime, rather than an intent to influence the State's charging decisions.

We agree with the State that the actions of the Legislature are more indicative of an intent to permit the State to charge the offense as a continuing course of conduct. Amendments to HRS § 709-906 demonstrate the Legislature's and society's evolving understanding of domestic violence as a crime that has unique features because of the relationship between the perpetrator and victim, which may be long-lasting, and because the crime often involves repeated and continuous acts. For example, the Legislature has increased the time necessary to request expungement of records concerning the offense to the point where expungement is prohibited because "the repetitive and

10

retaliatory nature of domestic violence required accurate and complete documentation of a perpetrator's history for the safety of the victim and the victim's family." Supplemental Commentary on HRS § 709-906 (Supp. 2011) (citing S. Stand. Comm. Rep. No. 1553, in 1997 Senate Journal, at 1480). The Legislature's extension of the cooling-off period is also indicative of its recognition of the recurring and repetitive nature of domestic violence. See HRS § 709-906(4) (Supp. 2011) and Supplemental Commentary on HRS § 709-906; State v. Kapela, 82 Hawai'i 381, 389-91, 922 P.2d 994, 1002-04 (App. 1996) (discussing the legislative history of the cooling-off period). We hold that Family Court erred in concluding that the Legislature did not intend the offense of abuse of a family or household member to be charged on a continuous course of conduct theory.

Furthermore, abuse of a family or household member can qualify as a continuing offense under the standards established by the Hawai'i Supreme Court. The physical abuse of a family or household member over a period of time can be based on one general intent, impulse, and plan. See Arceo, 84 Hawai'i at 18, 928 P.2d at 860; Martin, 62 Haw. at 368-69, 616 P.2d at 196-97.

The State generally has wide discretion in bringing criminal charges. See State v. Radcliffe, 9 Haw. App. 628, 639-40, 859 P.2d 925, 932 (1993); United States v. Batchelder, 442 U.S. 114, 124 (1979) ("Whether to prosecute and what charge to file or bring . . . are decisions that generally rest in the prosecutor's discretion."). Here, in opposition to Decoite's motion to dismiss, the State proffered evidence that during the period alleged in the complaint, Decoite had engaged in continuous and repeated acts of violence against the CW, as well as expert testimony that abusive relationships involve a pattern and cycle of violence in which the batterer is attempting to exercise power and control over his or her partner. Under the circumstances of this case, we cannot say that the State's charge against Decoite for violating HRS § 709-906(1) as a continuous course of conduct was impermissible. Our conclusion is supported

11

by California cases which have determined that crimes similar to HRS § 709-906(1) could be charged as continuous course of conduct offenses. See People v. Thompson, 206 Cal. Rptr. 516, 519-20 (Cal. Ct. App. 1984) (concluding that spouse abuse, like child abuse, can be charged as a continuing course of conduct); People v. Hamlin, 89 Cal. Rptr. 3d 402, 415-17 (Cal. Ct. App. 2009) (concluding that the offense of torture, like spouse, child, and animal abuse, could be charged as a continuous course of conduct).

Of course, to avoid being barred by the statute of limitations, the State will have to prove that Decoite committed the alleged offense through a course of conduct which continued into the limitations period. Based on the existing record, we cannot say that the State will be unable to meet this burden.

CONCLUSION

For the foregoing reasons, we vacate the Order Dismissing Complaint and remand the case for further proceedings consistent with this Memorandum Opinion.

DATED: Honolulu, Hawai'i, April 24, 2013.

Emlyn H. Higa
(Pamela Lundquist with him
on the brief)
Deputy Prosecuting Attorney
County of Maui
for Plaintiff-Appellant

Summer M. M. Kupau
(Karen T. Nakasone with her
on the brief)
Deputy Public Defender
for Defendant-Appellee

*Craig H. Nakamura*
Chief Judge

*Daniel R. Foley*
Associate Judge

*Jim M. King*
Associate Judge

12